UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-485-MOC-SCR

| | |
|---|---|
| **ALINA ROJEA,** <br><br> **Plaintiff, pro se,** <br><br> v. <br><br> **WELLS FARGO,** <br><br> **Defendant.** | **ORDER** |

**THIS MATTER** comes before the Court on Defendant Wells Fargo's Motion to Compel Arbitration and Dismiss, or in the Alternative, Stay Pending Completion of Arbitration Proceedings, pursuant to the Federal Arbitration Action and Federal Rule of Civil Procedure 12(b)(3). (Doc. No. 7). Also pending before the Court is Plaintiff's Pro Se Motion for Default Judgment, and Motion for Default Judgment/Response to Motion re Motion to Compel Arbitration, (Doc. Nos. 6, 8). This matter is ripe for disposition.

I.     BACKGROUND AND DISCUSSION

Plaintiff Alina Rojea filed this lawsuit on July 31, 2023 (Doc. No. 1). In her Complaint, Plaintiff alleges that Wells Fargo discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act while she was employed by the bank. Plaintiff entered into an arbitration agreement with Wells Fargo in which the parties mutually agreed that "any legal Claims arising out of [Plaintiff's] employment … with Wells Fargo shall be resolved by final and binding arbitration," and, with limited exceptions not applicable here, she and Wells Fargo "agree[d] to waive their rights to pursue any Claims in

court or before a jury." Here, Plaintiff's claims are clearly covered by the parties' arbitration agreement.

Therefore, the Court will **GRANT** Defendant's Motion, (Doc. No. 7), and the Court will dismiss this action. To this extent, Plaintiff's Motions are both **DENIED** (Doc. Nos. 6, 8).

**IT IS SO ORDERED**.

Signed: November 30, 2023

Max O. Cogburn Jr
United States District Judge